91 F.3d 167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ROBERT TYER AND ASSOCIATES, INC. d/b/a Aeration Research Co.
(rights transferred to Robert R. Tyer),
Plaintiff/Counterdefendant-Appellant,
and
Robert R. Tyer, Sanctioned Party-Appellant,
v.
ENVIRONMENTAL DYNAMICS, INC., Defendant/Counterclaimant-Appellee.
 Nos. 95-1270, 96-1324.
 United States Court of Appeals, Federal Circuit.
 May 9, 1996.
 
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Robert R. Tyer files a notice stating that he has filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. The court, sua sponte, considers whether consolidation of the above-referenced appeals is appropriate.
 
 
 2
 Appeal nos. 95-1270 and 96-1324 are appeals from two judgments in the same case in the United States District Court for the Southern District of Texas. Appeal no. 95-1270 concerns a judgment against Robert Tyer and Associates, Inc. d/b/a Aeration Research Co. (Aeration) for patent infringement. After Aeration filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code, we dismissed appeal no. 95-1270 without prejudice to reinstatement within 30 days after the stay was lifted or after the bankruptcy proceeding was concluded.
 
 
 3
 Appeal no. 96-1324 concerns a judgment of civil contempt against Robert R. Tyer. Because Tyer has now filed a bankruptcy petition, it appears that the automatic stay provision of 11 U.S.C. § 362 is also applicable in appeal no. 96-1324.* Further, Tyer states that the "rights to the appeal" in appeal no. 95-1270 were transferred to him from Aeration by the bankruptcy court. Thus, it appears that appeal no. 95-1270 should not be reinstated at this time. Appeal nos. 95-1270 and 96-1324 are consolidated and appeal no. 96-1324 is dismissed without prejudice to Tyer reinstating both appeals within 30 days after the stay is lifted or Tyer's bankruptcy proceeding is concluded. See Fed.Cir.R. 47.10.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Appeal nos. 95-1270 and 96-1324 are consolidated.
 
 
 6
 (2) Appeal no. 96-1324 is dismissed without prejudice to reinstatement within 30 days after the stay is lifted or after Tyer's bankruptcy proceeding is concluded.
 
 
 7
 (3) The revised official caption is reflected above.
 
 
 
 *
 We note that the bankruptcy court with jurisdiction over Tyer's case has the authority to lift the automatic stay. See 11 U.S.C. § 362(d). If Tyer so desires, it may seek relief from the stay in the bankruptcy court. Proceedings in this court may continue if such relief is granted